UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORMAN P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02542-TAB-JPH |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of the Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff Norman P. appeals the Social Security Administration's denial of his application for disability insurance benefits. Plaintiff takes issue with many aspects of the Administrative Law Judge's decision, including: the Appeals Council's refusal to remand this matter on the basis of new and material evidence; the ALJ's failure to consider lay witness statements in the record; the ALJ's evaluation of Listings 12.04 and 12.06; the ALJ's failure to consider Plaintiff's absences and time off task; and the lack of accommodations for mild and moderate functional limitations. Plaintiff identified more than one issue that warrants remand. It is reasonably probable that additional evidence not allowed before the ALJ could have changed the ALJ's assessment of Plaintiff, and the ALJ misstated the level of articulation required in evaluating lay witness statements. Accordingly, Plaintiff's request for remand [Filing No. 7] is granted.

**II.     Background**

On December 20, 2018, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on June 1, 2018. Plaintiff later amended his onset date to December 1, 2018. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2018, the amended alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: depression, anxiety, and obesity. [Filing No. 5-2, at ECF p. 31.] At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to work despite his limitations. The ALJ concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [Plaintiff] is able to understand, carry out, and remember detailed, but not complex tasks. He can relate on a superficial and ongoing basis with coworkers and supervisors. He can attend to tasks for sufficient time to complete detailed tasks. He can manage the changes and stress involved in detailed tasks. He can manage occasional contact with the public, but sustained, intensive, interpersonal contact is precluded and would work best alone, or in semi-isolation from others, or as part of a small group.

[Filing No. 5-2, at ECF p. 33.] At step four, the ALJ concluded that Plaintiff could perform past relevant work as a tractor trailer truck driver and as a tank truck driver. Accordingly, the ALJ concluded that Plaintiff was not disabled.

2

### III.     Discussion

Plaintiff raises a host of issues with the ALJ's decision.  The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)).  In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

####    A.     **Remand for new and material evidence**

Plaintiff argues that the Appeals Council erred in refusing to remand this matter based on new and material evidence. [Filing No. 7, at ECF p. 22.]  Plaintiff's counsel submitted a brief with Plaintiff's request for review to the Appeals Council identifying various records from Community North Hospital, Boone Circuit Court, and Valley Oakes Health that were not otherwise contained in the record.[1]  [Filing No. 7, at ECF p. 22.]  The Appeals Council found in its July 30, 2021, decision: "You submitted medical records from Valley Oaks Health dated January 21, 2019 through May 12, 2020 (103 pages).  We find this evidence does not show a

---

[1] Counsel also noted that she acquired this matter due to a decline in health of Plaintiff's original counsel, who passed away two weeks after Plaintiff's October 2020 hearing. [Filing No. 7, at ECF p. 22.]

reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." [Filing No. 5-2, at ECF p. 3.] The Appeals Council also rejected the evidence from Community Hospital North and Boone County, albeit for a different reason, finding: "This additional evidence does not relate to the period at issue." [Filing No. 5-2, at ECF p. 3.]

Typically, absent legal error, "the Council's decision whether to review is discretionary and unreviewable." *Getch v. Astrue*, 539 F.3d 473, 483-84 (7th Cir. 2008) (internal citation and quotation marks omitted). However, when the Plaintiff provides additional evidence to the Appeals Council, the Social Security Administration requires the Council to evaluate a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5).

Plaintiff argues that the Appeals Council erred by failing to consider all of these records. The ALJ stated in his decision, "There is also a significant gap in the claimant's treatment as there is little no evidence of treatment in mid-2019. If the claimant were as limited as he alleged, one might expect to see more consistent treatment and not a 5-month gap." [Filing No. 5-2, at ECF p. 34.] Plaintiff argues part of the ALJ's rationale for denying disability benefits to Plaintiff was his gap in treatment history, and the records submitted to the Appeals Council filled this evidentiary gap with 17 treatment sessions not contained elsewhere in the record in 2019, in addition to 7 additional treatment notes from 2020 not otherwise contained in Plaintiff's file. [Filing No. 7, at ECF p. 23.] Thus, Plaintiff maintains that this matter should be remanded for consideration of the new evidence from Valley Oakes Health, which was new and material and filled the specific evidentiary void noted by the ALJ. In addition, Plaintiff argues that the

4

evidence from Boone County and Community North Hospital should also be considered because these items related to the period prior to the ALJ's decision. [Filing No. 7, at ECF p. 24.]

In support, Plaintiff cites *Davis v. Comm'r of Soc. Sec.*, No. 3:20-cv-303-JD, 2021 WL 2451908, (N.D. Ind. June 16, 2021). In *Davis*, the district court concluded that there was a reasonable probability that new evidence provided to the Appeals Council would have altered the ALJ's decision in relation to the imposition of additional social and mental restrictions. *Id*. at *6. The district court cited *Stepp v. Colvin*, 795 F.3d 711, 725 (7th Cir. 2015), before reasoning that the ALJ's decision in *Davis* "unequivocally rested in part on the determination that there was no evidence of a treating physician's opinion as to any specific psychiatric limitations[,]" and the new evidence filled that evidentiary gap. *Davis*, 2021 WL 2451908, at *5 (internal citation, quotation marks, and brackets omitted).

The Commissioner argues that the Appeals Council followed the guidance provided by agency rules and utilized the specific language the agency provides for the Appeals Council to use in these denials. Thus, the Commissioner argues that no additional articulation was required. [Filing No. 11, at ECF p. 23.] In addition, while the Commissioner acknowledges that the evidence at issue does show Plaintiff did not have a five-month gap in treatment, there was still a gap between July 2019 and October 2019. Finally, the Commissioner argues that any error was harmless because there is no indication that the ALJ relied heavily on this factor to support this decision. The ALJ noted in the decision that "[w]hile no one factor cited above is dispositive, and each perhaps on its own does not establish anything conclusively, the totality of the facts and circumstances cited above made it difficult for me to rely heavily on the claimant's subjective complaints." [Filing No. 5-2, at ECF p. 35.]

5

Seventh Circuit case law states that the Court "will not remand a case to the ALJ for further specification where [the Court is] convinced that the ALJ will reach the same result." *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). *See also Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) ("An error is harmless if, upon examination of the record, the court can predict with great confidence what the result of remand will be." (Internal citation and quotation marks omitted)). Clearly, the gap in treatment played a part in the ALJ's decision here. Whether this evidence would have definitively swayed the ALJ to reach a different outcome is not for the Court to decide. But there is a reasonable probability that the new evidence provided to the Appeals Council would have altered the ALJ's decision. The Court cannot say with great confidence that the ALJ would have reached the same result if he had reviewed the missing records. Accordingly, remand is warranted for proper consideration of the evidence from Valley Oakes Health.[2]

---

[2] Plaintiff's argument regarding the evidence from Boone County and Community North Hospital is less persuasive. Plaintiff devotes one sentence to support her argument regarding this evidence and simply claims that these items relate to the period prior to the ALJ's decision. [Filing No. 7, at ECF p. 24.] Plaintiff has not provided enough explanation or support for this argument. Plaintiff does not explain how this evidence speaks to his condition during the adjudicative period. Thus, the Court considers this underdeveloped argument waived. *See, e.g., Vang v. Saul*, 805 F. App'x 398, 403 (7th Cir. 2020) ("Finally, Vang fleetingly mentions other perceived issues in his brief, but they are underdeveloped or lack and citations to authority. Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." (Internal citation and quotation marks omitted)), *cert denied*, 141 S. Ct. 409 (2020).

### B.     Lay witness statements

Plaintiff argues that the ALJ erred by failing to consider the lay witness statements contained in the record in Exhibits 12E and 19E. [*See* Filing No. 5-11, at ECF p. 87; Filing No. 5-12, at ECF p. 24.] The evidence in these exhibits details Plaintiff's mood swings and volatile behaviors, including erratic and dangerous behaviors with firearms, expressions of intent to self-harm, difficulties maintaining employment, and extreme difficulties in maintaining interpersonal relationships. Plaintiff focuses his argument on the lay witness statement of Mary Sloan[3], Plaintiff's former employment counselor who has known him for 25 years. [Filing No. 5-12, at ECF p. 24.] In his decision, the ALJ acknowledged that multiple third-party statements were provided. The ALJ stated that he considered all evidence, but then went a step further to say: "I am not required to articulate how evidence from nonmedical sources was considered (20 CFR 404.1520c(d)). Therefore, I did not provide articulation about this evidence that is inherently neither valuable nor persuasive in accordance with 20 CFR 404.1520b(c)." [Filing No. 5-2, at ECF p. 38.]

According to the Commissioner and the ALJ, the regulations do not impose any burden of articulation on ALJs for evidence from nonmedical sources. [Filing No. 11, at ECF p. 18.] Not so. In evaluating a plaintiff's allegations of pain and the intensity and persistence of symptoms, the ALJ is to consider all evidence presented, including statements of nonmedical

---

[3] The parties disagree when Sloan's statement was written, as it is not dated. The Commissioner contends that the letter was probably written in 2018, either prior to the alleged onset date or shortly after, and thus had little bearing on Plaintiff's functioning during the adjudicative period. [Filing No. 11, at ECF p. 19.] Plaintiff responds that the letter was directed to Plaintiff's prior attorney, who subsequently passed away, and was not appointed to represent Plaintiff until March 6, 2019. Thus, Plaintiff's counsel would have had no authority to receive or solicit information regarding Plaintiff before this date. [Filing No. 12, at ECF p. 5.] Regardless the date of the statement, the ALJ's decision provides no proper articulation of Sloan's statement or the other lay witness statements. This is error.

7

sources. 20 C.F.R. § 404.1529. Under 20 C.F.R. § 404.1520c(d), an ALJ need not articulate "how he considered evidence from nonmedical sources *using the requirements* in paragraphs (a)-(c) of this subsection." Paragraph (d) merely clarifies that an ALJ is not required to apply those *factors* to a nonmedical opinion; it does not state that an ALJ need not articulate how evidence from nonmedical sources was considered *at all*. In fact, courts within the Seventh Circuit have noted that an ALJ must " 'minimally articulate [his] reasons for crediting or rejecting evidence of disability.' " *Wright v. Saul*, No. 2:20-cv-261, 2021 WL 4272888, at *9 (N.D. Ind. Sept. 21, 2021) (*quoting Scivalley v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992)). *See also* Entry on Plaintiff's Objection to Report and Recommendation at 13, *David W. v. Kijakazi*, No. 1:20-cv-2848-RLY-TAB (S.D. Ind. July 14, 2022), ECF No. 20 (setting forth minimal articulation standard for review of ALJ's analysis of third-party witness statements).

Sloan met Plaintiff in her professional capacity as an employment counselor. [Filing No. 5-12, at ECF p. 24.] She noted that Plaintiff was unable to hold down a job, worked at "so many local places already[,]" and would undoubtably not have good references from former employers. [Filing No. 5-12, at ECF p. 24.] The ALJ's failure to provide any discussion of Sloan's statement, or the other lay witness statements in the record, in light of Plaintiff's job history (he testified he had 50 to 100 different jobs due to problems fitting in as well as persistent paranoia) requires remand. [Filing No. 5-2, at ECF p. 32.]

The Commissioner argues that any error was necessarily harmless because Plaintiff has not demonstrated how consideration of these statements would affect the outcome of the case. [Filing No. 11, at ECF p. 18.] To some extent, the Commissioner's criticism of Plaintiff's argument is valid. Plaintiff largely focuses on the complete lack of discussion by the ALJ on these statements and does not connect the error to how proper consideration of the statements

8

would affect the outcome of Plaintiff's case. However, as with the new and additional records, the Court cannot predict with great confidence that the ALJ would have reached the same result had he considered Sloan's statements or the other lay witness statements. *Wilder*, 22 F.4th at 654. While the Court cannot reweigh the evidence, Plaintiff has identified that the lay witness statements were consistent with Plaintiff's subjective allegations. Since the ALJ completely ignored this evidence and his obligation to provide at least a minimal articulation on his consideration of the lay witness statements, the Court is left with no means to properly review the ALJ's consideration of the statements. Thus, this is an additional issue that warrants remand.

      **C.**      **Listings evaluation**

Plaintiff argues that the ALJ erred at step three of the evaluation process when he failed to discuss the paragraph A and paragraph C criteria of Listings 12.04 and 12.06. [Filing No. 7, at ECF p. 26.] These listings provide criteria listed in paragraphs A, B, and C, and require Plaintiff to prove that he satisfied the requirements of either paragraphs A and B, or paragraphs A and C. 20 C.F.R. § 404, subpt. P, app. 1, §§ 12.04, 12.06. The Commissioner concedes that the ALJ did not discuss the paragraph A criteria under either listing. [Filing No. 11, at ECF p. 9.] Rather, the Commissioner argues that the ALJ reasonably found Plaintiff did not meet the criteria under paragraphs B and C and substantially supported his conclusions with citations to the record throughout the decision, so his findings should be upheld. [Filing No. 11, at ECF p. 9.]

Even assuming that Plaintiff met the paragraph A criteria and the ALJ erred by not discussing it, Plaintiff would still need to demonstrate that he met either the B or C criteria to meet either of these listings. The ALJ's decision focuses predominately on the paragraph B criteria. [Filing No. 5-2, at ECF p. 32-33.] The ALJ went through the criteria and concluded that Plaintiff's mental impairments did not satisfy the paragraph B criteria because they did not

9

cause at least two "marked" limitations or one "extreme" limitation. [Filing No. 5-2, at ECF p. 33.] Plaintiff does not challenge this portion of the ALJ's decision.

This leaves the paragraph C criteria. In relation to the paragraph C criteria, the ALJ only stated: "I have also considered whether the 'paragraph C' criteria are satisfied. In this case, the evidence fails to establish the presence of the 'paragraph C' criteria as there is insufficient evidence of a need for treatment in a highly structured setting or only marginal adjustment." [Filing No. 5-2, at ECF p. 33.] Plaintiff argues that this brief statement renders it impossible to determine what evidence the ALJ did or did not consider. In addition, Plaintiff contends that the ALJ failed to discuss the opinion of Ross Dorsey, MSW, LCSW and the opinion of Dr. Vernon Little and Leslie Pell, APN, who all indicated that Plaintiff met the paragraph C criteria of these listings. [Filing No. 7, at ECF p. 27.]

The Commissioner pushes back on Plaintiff's claim by arguing that the ALJ reasonably found these opinions unpersuasive, so they are insufficient to prove remand was warranted on this issue. [Filing No. 11, at ECF p. 10.] Moreover, the Commissioner notes that these providers checked a box indicating that Plaintiff met the paragraph C criteria but did not elaborate as to why he met the criteria or provide any objective evidence to support their opinion. While the ALJ did indeed find the opinions of Dorsey and Dr. Little/Pell unpersuasive, he made no reference to their opinion on the paragraph C criteria. [Filing No. 5-2, at ECF p. 37.] Plaintiff presented substantial evidence in support of his contention that he meets these listings, and since the evidence on paragraph A and paragraph C is not directly mentioned in the ALJ's decision, the Court cannot trace the ALJ's reasoning or conduct a meaningful review. Therefore, this is an additional reason remand is proper.

### D. Residual Functional Capacity

Plaintiff also argues that the ALJ failed to consider Plaintiff's absences, failed to make an appropriate finding for time off task, and failed to provide sufficient accommodations for the mild and moderate functional limitations noted by the ALJ in Plaintiff's RFC. [Filing No. 7, at ECF p. 31-32.] Plaintiff notes that the ALJ in this case failed to even provide a limitation to unskilled work, which Plaintiff argues goes against the weight of the evidence as a whole. [Filing No. 7, at ECF p. 35.] In addition, Plaintiff contends that the ALJ provided no limitations in Plaintiff's RFC to accommodate mild limitations found in understanding, remembering, or applying information and adapting or managing oneself. [Filing No. 7, at ECF p. 36.] Thus, Plaintiff argues remand is required where, as here, the ALJ has failed to provide a logical bridge connecting her findings on the paragraph B criteria and the resulting RFC. *See, e.g., Spicher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018) ("[T]he ALJ must build an accurate and logical bridge from the evidence to her conclusion." (Internal citation and quotation marks omitted)). The Commissioner argues that the RFC as assessed by the ALJ reasonably accounted for all functional limitations caused by Plaintiff's mental impairments. [Filing No. 11, at ECF p. 11.] Since the Court has already found remand is appropriate, these issues need not be addressed in further detail. Nevertheless, on remand, the ALJ should ensure that the assessed RFC provides sufficient accommodations for all limitations.

## IV. Conclusion

For the reasons noted above, the ALJ's decision has several significant shortcomings. Therefore, Plaintiff's request for remand [[Filing No. 7](Filing No. 7)] is granted.

Date: 8/31/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email